# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* RYAN, Minors.

UNPUBLISHED
November 18, 2014

No. 318571
Wayne Circuit Court
Family Division
LC No. 13-512184-NA

Before: RIORDAN, P.J., and SAAD and TALBOT, JJ.

PER CURIAM.

The minor children appeal the trial court's order, which held that termination of respondent father's parental rights was not in the children's best interests. For the reasons stated below, we reverse.

## I. FACTS AND PROCEDURAL HISTORY

In April 2013, the Department of Human Services ("DHS") filed a petition to terminate respondent's parental rights. DHS alleged that respondent licked his four-year-old daughter's vagina, and that the children would be at risk of harm if they were allowed to continue visiting respondent. At the bench trial, respondent pleaded no contest to these allegations. The trial court subsequently found clear and convincing evidence for terminating respondent's parental rights under MCL 712A.19b(3)(b)(*i*), (g), (j), and (k)(*ix*), and scheduled a hearing to decide whether termination was in the children's best interests.

During the termination hearing, the trial court heard testimony from the children's mother, the victim's therapist, and mental health professionals who evaluated respondent. The victim's therapist stated that, since her molestation, the victim acted out at school and engaged in inappropriate sexual behavior with classmates. Accordingly, the therapist recommended respondent's parental rights be terminated, as she believed further interaction between the victim and respondent would cause the victim further emotional and behavioral problems. The mother also asked the court to terminate respondent's parental rights, because respondent's behavior indicated he would pose a threat to her children's safety in the future. The two mental health professionals who evaluated respondent disagreed, and testified that respondent's parental rights

-1-

did not need to be terminated.[1]  One of the professionals suggested that respondent retain a right to supervised visitation with the children until they are sixteen years old.

In a written opinion, the trial court held that termination of respondent's parental rights was not in the best interests of the children because: (1) the children and respondent had a bond; (2) the victim's inappropriate behavior at school was likely the result of the "sudden absence of her father . . . from her life"; and (3) the vagina licking was an "isolated incident that occurred one time."  It further instructed defendant to begin sex offender treatment, and specified that any visitation must be supervised by DHS.

The minor children appealed the holding in October 2013, which, after a convoluted procedural process, our Court accepted.[2]  They argue that the trial court clearly erred when it held that it was in their best interests to not terminate respondent's parental rights.[3]

## II.  STANDARD OF REVIEW

"[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence."  *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013).  On appeal, this Court reviews the trial court's findings regarding a child's best interests for clear error.  *In re Trejo*, 462 Mich 341, 356–357; 612 NW2d 407 (2000).  "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses."  *Moss*, 301 Mich App at 80.

## III.  ANALYSIS

## A.  LEGAL STANDARDS

"To terminate parental rights, a trial court must find by clear and convincing evidence that at least one statutory ground under MCL 712A.19b(3) has been established."  *Moss*, 301 Mich App at 80.  "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination

---

[1] One of the mental health professionals who evaluated respondent also testified that respondent denied licking the victim's vagina—despite the fact that he pleaded no contest to the same allegation.

[2] Our Court initially denied the children's appeal by right in October 2013.  The Supreme Court vacated that order and instructed the Court "to reinstate the children's claim of appeal or explain why the children do not have an appeal of right."  *In re Ryan*, 495 Mich 998; 845 NW2d 517 (2014).  Our Court reinstated the appeal on May 13, 2014.  *In re Ryan*, unpublished order of the Court of Appeals, entered May 13, 2014 (Docket No. 318571).

[3] We note that this is the only issue on appeal: the trial court's holding that statutory grounds for termination exist under MCL 712A.19b(3)(b)(*i*), (g), (j), and (k)(*ix*) has not been appealed by either party.

of parental rights." MCL 712A.19b(5). In considering whether termination is in a child's best interests, the court may consider a child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. *In re Olive/Metts*, 297 Mich App 35, 41–42; 823 NW2d 144 (2012).

"The trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). "[A] child's placement with relatives weighs against termination under MCL 712A.19a(6)(a), which expressly establishes that, although grounds allowing the initiation of termination proceedings are present, initiation of termination proceedings is not required when the children are 'being cared for by relatives.'" *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010). If a child is placed with relatives, the trial court must consider that fact in determining whether termination of parental rights is in the child's best interests. *Id.*

## B. APPLICATION

Here, the children convincingly argue that the trial court committed clear error when it held that termination of respondent's parental rights was not in their best interests. As noted, the trial court explained this holding by reasoning that: (1) the children and respondent had a bond; (2) the victim's inappropriate behavior at school was likely the result of the "sudden absence of her father . . . from her life"; and (3) the vagina licking was an "isolated incident that occurred one time." These rationales are not supported by the record, and contradict both witness testimony and common sense.

Though respondent might have a bond with his children, it is also clear that he lacks basic parenting skills—he molested his daughter. More troubling is his inability to admit to mental health professionals that he did so, which bodes ill for the possibility that future therapy will: (1) ensure that the molestation truly will be an "isolated incident"; and (2) improve his basic parenting abilities. *Olive/Metts*, 297 Mich App at 41–42.

Furthermore, the trial court's speculation that the victim's inappropriate behavior at school was likely the result of the "sudden absence of her father . . . from her life" was just that—speculation. It is not supported by any testimony in the record, and actually contradicts the testimony of the victim's therapist, who stated that the victim's behavior was likely the result of respondent's sexual abuse. The victim's therapist further stressed that the child would be more likely to recover from the incident if respondent was not involved in her life, because his presence would be a reminder of his sexual abuse. Accordingly, the children's interest in permanency, stability, and finality would be served by respondent's absence—not his continued presence. *Olive/Metts*, 297 Mich App at 41–42.

The trial court also committed legal error that might have wrongly benefited respondent. The court ruled that: "*In re Olive/Metts* 297 Mich App 35, 43 (2012) requires this Court to consider the fact that both [the children] are living with their mother when deciding if it is in their best interest to terminate the respondent's parental rights." This is not what *Olive/Metts*

holds. Pursuant to *Mason*,[4] *Olive/Metts* states that a trial court must explicitly address whether termination of parental rights is appropriate in light of a child's placement with *relatives* during the pendency of the termination proceedings. *Olive/Metts*, 297 Mich App at 43. The statutory definition of "relatives" as it applies in the context of MCL 712A.19a(6)(a) is:

> an individual who is at least 18 years of age and related to the child by blood, marriage, or adoption, as grandparent, great-grandparent, great-great-great grandparent, aunt or uncle, great-aunt or great-uncle, great-great-aunt or great-great-uncle, sibling, stepsibling, nephew or niece, first cousin or first cousin once removed, and the spouse of any of the above, even after the marriage has ended by death or divorce. [MCL 712A.13a(1)(j).]

"Relative" does not include the term "mother" or "parent." Accordingly, a child's placement with his parent, during the pendency of termination proceedings against the other parent, does not constitute placement with a "relative." Here, the children were placed with their mother during the pendency of the termination proceedings. The trial court, then, should not have weighed the placement of the children with their mother as a factor that benefited respondent. Though it is unclear whether the trial court actually weighed the placement in such a way, to the extent that it did, it did so erroneously.

Respondent sexually abused his daughter and his continued presence in his children's lives poses a serious danger to their mental, emotional, and physical well being. We are thus left with a "definite and firm conviction" that the trial court made a mistake when it held that it was not in the children's best interests to terminate respondent's parental rights. *Moss*, 301 Mich App at 80. Its ruling is therefore reversed.

Reversed.

/s/ Michael J. Riordan
/s/ Henry William Saad
/s/ Michael J. Talbot

---

[4] *Mason*, 486 Mich at 163–165.

-4-